IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| vs. | ) Criminal No. 08-167<br>) See Civil Action No. 11-176 |
| LARRY CRANSTON BROOKS, | )<br>) |
| Defendant/petitioner. | ) |

MEMORANDUM OPINION

BLOCH, District Judge

Petitioner, on February 9, 2011, filed a pro se "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Pursuant to 28 U.S.C. § 2255" (Doc. No. 86) and memorandum in support thereof (Doc. No. 87). Upon consideration of this motion, and upon further consideration of the Government's response thereto (Doc. No. 89), filed on February 17, 2011, and Petitioner's "Combined Motion to Strike as Non-Responsive or Reply to Government's Response" (Doc. No. 93), filed on April 8, 2011, the Court denies the Petitioner's motion for the reasons set forth below.

I.  **Background**

On October 16, 2008, Petitioner was convicted at trial of one count of conspiring to possess with intent to distribute and distributing less than 100 grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21

1

U.S.C. § 846. The Court ordered a Presentence Investigation Report ("PIR"), and Petitioner filed his Position with Respect to Sentencing Factors on March 17, 2009, arguing that his designation as a career-offender and the assignment of criminal history points for two robbery convictions in Allegheny County was in error. (Doc. Nos. 56, 57). On April 6, 2009, Petitioner filed an "Addendum to Defendant's Position with Respect to Sentencing Factors" withdrawing his objection to the assignment of criminal history points to his robbery convictions. (Doc. No. 61). The Court issued its tentative findings on April 1, 2009, and accepted the PIR as accurate. (Doc. No. 58). On April 9, 2009, the Court sentenced Petitioner to 210 months' imprisonment followed by 3 years' supervised release. Petitioner filed a Notice of Appeal from the Court's final judgment on April 15, 2009, challenging his conviction and sentence. (Doc. No. 65). The United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed Petitioner's conviction and sentence on November 9, 2009. (Doc. No. 80).

On December 3, 2010, Petitioner, acting pro se, filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 82), which he subsequently withdrew.[1] On February 9, 2011, Petitioner filed the

---

[1] On December 7, 2010, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second

2

present Motion to Vacate under § 2255 (Doc. No. 86) and a brief in support thereof (Doc. No. 87).[2]

## II. Discussion

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veteran Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Petitioner brings his pro se motion pursuant to 28 U.S.C. § 2255.[3] An evidentiary hearing is not required on a Section 2255

---

or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA. (Doc. No. 83). On January 6, 2011, Petitioner noticed the Court that he wished to withdraw his motion and file one all-inclusive Section 2255 motion. (Doc. No. 84). The Court dismissed his original motion to vacate without prejudice on January 10, 2011. (Doc. No. 85).

[2] On April 8, 2011, Petitioner filed a "Combined Motion to Strike as Non-Responsive or Reply to Government's Response." (Doc. Nos. 89, 93). The Court denied Petitioner's motion on April 11, 2011. (Doc. No. 94).

[3] This statute permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

3

motion if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Petitioner's motion is premised on two central arguments. First, he asserts that he unlawfully was sentenced as a career-offender because the Government did not file an information pursuant to 21 U.S.C. § 851. Second, he contends that his counsel provided ineffective assistance by failing to: (1) object to the application of the career-offender guideline; (2) object to the inclusion of two New York convictions in his criminal history on the grounds that they were obtained in violation of his constitutional rights; (3) object to the absence of a 2-level downward adjustment for acceptance of responsibility; and (4) advocate for a 2-level downward adjustment for his alleged role as a minor participant.

The Court finds that Petitioner's motion lacks merit in its entirety. Petitioner's contention that he unlawfully was sentenced as a career-offender because the Government failed to file a Section 851 information is misguided. The application of the career-offender guideline is not contingent upon the filing of a Section 851 information so long as the sentence does not exceed the otherwise applicable statutory maximum. See United States v.

---

violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set

Diehl, 65 Fed. Appx. 839, 841 (3d. Cir. 2003) (Section 851 information is not required in order to apply the career offender enhancement "because the government did not seek a sentence beyond the maximum provided by the statute") (citing United States v. Day, 969 F.2d 39, 48 (3d Cir. 1992)).

Here, Petitioner's count of conviction carried a statutory maximum term of imprisonment of 20 years. Petitioner was sentenced to 210 months' imprisonment which falls 30 months short of the 240-month maximum allowable sentence. As such, the Government was not required to file a Section 851 information in order to rely on Petitioner's robbery convictions as predicate offenses for application of the career-offender guideline. Petitioner, therefore, lawfully was sentenced as a career-offender.

Petitioner's claims of ineffective assistance similarly lack merit. In order to prevail on a claim of ineffective assistance, a defendant:

> must show both that: (1) counsel's representation fell below an objective standard of "reasonableness under prevailing professional norms;" and (2) [he] suffered prejudice as a result – that is, there is a reasonable probability that, but for the counsel's deficient performance, *the result of the proceeding would have been different*.

Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)) (emphasis

---

aside or correct the sentence." 28 U.S.C. § 2255(a).

added). Petitioner's contention that his counsel provided ineffective assistance must fail in light of the fact that the alleged deficiencies are rooted in his counsel's decision to refrain from raising meritless legal arguments.

First, as explained above, Petitioner lawfully was sentenced as a career-offender because the application of the career-offender enhancement did not hinge on the filing of a Section 851 information in this case. As Petitioner's sentence fell well short of the statutory maximum allowable sentence, his counsel was not ineffective in failing to object to the career-offender enhancement.

Second, Petitioner's allegedly "uncounseled convictions" in New York properly were included in his criminal history calculation because he has failed to establish their invalidity by overcoming the presumption of regularity that attaches to final judgments. See United States v. Jones, 332 F.3d 688, 698 (3d Cir. 1999)(the "presumption of regularity [attaches] to a record silent as to the presence of counsel."). Petitioner contends that a 1991 Attempted Robbery conviction, a 1999 Forgery in the 3rd degree conviction, a 1999 Possession of a Controlled Substance conviction, and a 2007 Escape conviction were all uncounseled

6

convictions and therefore invalid.[4] See Petitioner's Motion to Vacate (Doc. No. 86 at 11).

Although Petitioner claims that his counsel was ineffective for failing to object to the inclusion of these convictions in his criminal history calculation, he has come forward with nothing more than a vague assertion of invalidity and has not provided any evidentiary support for his claim that they were obtained in violation of his right to counsel. Petitioner submitted an affidavit stating he did not waive his right to counsel, however, this conclusory statement is insufficient and does not provide the Court with any corroborating information that would transform his bare-boned accusation into a "credible allegation" of invalidity. See United States v. Wilmore, 57 Fed. Appx. 949, 955 (3d Cir. 2003). Given the complete lack of evidence that these convictions were invalid, it remains unclear what grounds Petitioner expected his counsel to rest his objection on.

---

[4] Petitioner argues that the convictions were excludable pursuant to United States Sentencing Guidelines ("USSG") § 4A1.2, Application Note 6, because they were obtained and imposed in violation of his Sixth Amendment right to counsel. See Petitioner's Motion to Vacate (Doc. No. 86 at 11). He claims he did not waive his right to counsel at any stage during the proceedings and that the records are silent as to whether he was afforded his right to counsel. This argument was raised and rejected in Jones, where the Court held that it was the defendant's burden to establish the invalidity of prior convictions and rejected the argument that "the Government [was required to] prove that [the defendant] was either afforded his right to counsel, or waived that right." Id.

Moreover, even if the convictions were invalid, Petitioner cannot establish that he suffered any prejudice as a result of their inclusion in his criminal history calculation because they did not affect his guideline calculation or sentencing range. The career-offender enhancement required that a criminal history category of VI be assigned regardless of Petitioner's actual criminal history score. See USSG § 4B1.1(b). Further, the New York convictions do not serve as any of the predicate offenses that trigger the career-offender enhancement; Petitioner's predicate offenses are satisfied by two robbery convictions from the Allegheny County Court of Common Pleas. As such, his criminal history category properly was calculated and would have been a VI even without reliance on the New York convictions.[5] His counsel, therefore, was not ineffective in failing to object to their inclusion in his criminal history calculation.

Third, Petitioner was convicted at trial so a 2-level downward adjustment for acceptance of responsibility was not warranted. Petitioner nevertheless argues that he merely went to trial "in an effort to preserve his innicence (sic)" and not to

---

[5] The Court notes that Petitioner is mistaken in his assertion that the Government was required to provide him notice and file a Section 851 to prove the validity of the New York convictions. See United States v. Escobales, 218 F.3d 259, 263 (3d Cir. 2000). Contrary to Petitioner's belief, his counsel absolutely was correct in advising him that "this is not a § 851 case." Petitioner's Sworn Affidavit (Doc. No. 87-1 at 6).

"test the sufficiency of the government's evidence." Petitioner's Motion to Vacate (Doc. No. 86 at 12). The commentary to USSG § 3E1.1 clearly states that the adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt . . . ." USSG § 3E1.1, Application Note 2. The whole purpose underlying § 3E1.1 is to save the Government the time and expense of meeting their burden of proof at trial.

While the commentary does contemplate a scenario where this adjustment can be applied to a defendant who was convicted at trial, this clearly is not one of those "rare situations" where Petitioner went "to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct.)." USSG § 3E1.1, Application Note 2. Although Petitioner claims that he was not contesting his factual guilt, his decision to go to trial "to preserve his innocence" is tantamount to his denial of the essential factual elements of his guilt. Therefore, he was not entitled to the downward adjustment and his counsel was not ineffective for failing to advocate for its application.

Finally, a "minor role" downward adjustment was precluded by Petitioner's status as a career-offender. United States v. Johnson, 155 F.3d 682, 685 (3d Cir. 1998) (holding that minor role

9

downward adjustments do not apply to career-offenders); United States v. Collado, 79 Fed. Appx. 529, 530 (3d Cir. 2003) (same). Thus, even assuming he played only a minor role in the drug conspiracy, his counsel could not have been ineffective in failing to argue for the adjustment because Petitioner was barred from receiving it as a matter of law.

It is well-established that "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." Sanders, 165 F.3d at 253.

### III. Conclusion

For all the above-stated reasons, Petitioner's motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

s/Alan N. Bloch
United States District Judge

Dated:   February 9, 2012

ecf:      Counsel of record

cc:       Larry Cranston Brooks, #09959-068
          FCI Gilmer
          P.O. Box 6000
          Glenville, WV  26351